CENTER FOR DISABILITY ACCESS, LLP
MARK D. POTTER, ESQ., SBN 166317
RUSSELL C. HANDY, ESQ., SBN 195058
100 East San Marcos Blvd., Suite 400
San Marcos, CA 92069-2988
(760) 480-4162
Fax (760) 480-4170

Attorney for Plaintiff, MICHAEL ROBERT GRIFFITHS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ROBERT GRIFFITHS,<br><br>Plaintiff,<br><br>v.<br><br>M. M. SMITH, TRUSTEE, UNITED ASSOCIATION LOCAL 38 CONVALESCENT TRUST FUND, and DOES 1 through 100, inclusive<br><br>Defendants. | Case No. CV 08 3384<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF**: AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE<br><br>**DEMAND FOR JURY** |

Plaintiff MICHAEL ROBERT GRIFFITHS complains of Defendants M. M. SMITH, TRUSTEE, UNITED ASSOCIATION LOCAL 38 CONVALESCENT TRUST FUND, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

1. This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the defendants' failure to provide wheelchair accessible transportation. Plaintiff seeks injunctive relief and damages for

1 violations of civil rights and for damages flowing from such violations.

**JURISDICTION AND VENUE:**

2. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

3. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

4. Plaintiff is a California resident with physical disabilities. He is a quadriplegic who requires a wheelchair for mobility and a personal attendant.

5. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Konocti Harbor Resort & Spa, hereinafter referred to as "Resort", located at 8727 Soda Bay Road, Kelseyville, California.

6. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

7. The Resort is a facility open to the public, a place of public accommodation, and a business establishment.

8. The Plaintiff went to the Resort to attend a Kid Rock concert on August 18, 2006.

9. During his visit, the Plaintiff encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms.

10. Naturally, Plaintiff GRIFFITHS was frustrated, angry and/or vexed as a result of encountering these conditions, these violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these defendants for such injury.

11. Plaintiff would like to return and patronize the Defendants' Resort; however, the Plaintiff is unable to use the Resort on a "full and equal" basis until the Resort is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' Resort on a full and equal basis.

**I.    FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants) (42 U.S.C. section 12101, et seq )

12. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of

the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**II.     SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

13. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

14. The acts alleged above, which form the basis of the Plaintiff's discrimination

claim, are intentional acts.

**III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

**15.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**16.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff in the running of their Resort. Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling Defendants to comply with the Americans

with Disabilities Act and the Unruh Civil Rights Act. **Note:** the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

    **2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidence amassed.

    **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: July 9, 2008    CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: July 9, 2008    CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

Complaint

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
MICHAEL ROBERT GRIFFITHS

## DEFENDANTS
M. M. SMITH, TRUSTEE, UNITED ASSOCIATION LOCAL 38 CONVALESCENT TRUST FUND

**(b)** County of Residence of First Listed Plaintiff  Sonoma
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Mark D. Potter/Russell C. Handy   SBN 166317/195058
Center for Disability Access, LLP
100 E. San Marcos Blvd., Suite 400
San Marcos, CA 92069  (760) 480-4162  Fax: (760) 480-4170

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [x] 3  Federal Question (U.S. Government Not a Party)
- [ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|                                          | PTF | DEF |                                                                  | PTF | DEF |
|------------------------------------------|-----|-----|------------------------------------------------------------------|-----|-----|
| Citizen of This State                    | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State        | ☐ 4 | ☐ 4 |
| Citizen of Another State                 | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State    | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country  | ☐ 3 | ☐ 3 | Foreign Nation                                                   | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 362 Personal Injury— Med. Malpractice | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 365 Personal Injury — Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 320 Assault, Libel & Slander | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 330 Federal Employers' Liability | | | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 340 Marine | **PERSONAL PROPERTY** | **LABOR** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 890 Other Statutory Actions |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 442 Employment | **Habeas Corpus:** | ☐ 865 RSI (405(g)) | ☐ 720 Labor/Mgmt. Relations |
| ☐ 245 Tort Product Liability | ☐ 443 Housing/ Accommodations | ☐ 530 General | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 871 IRS—Third Party 26 USC 7609 | |
| | ☒ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | **IMMIGRATION** | |
| | | | ☐ 462 Naturalization Application | |
| | | | ☐ 463 Habeas Corpus – Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

Labor section:
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

## V. ORIGIN (Place an "X" in One Box Only)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Section 12101

Brief description of cause:
American's with Disabilities Act

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE 7-10-08

SIGNATURE OF ATTORNEY OF RECORD

%AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Northern                    District of                California

MICHAEL ROBERT GRIFFITHS

V.

M. M. SMITH, TRUSTEE, UNITED
ASSOCIATION LOCAL 38 CONVALESCENT

SUMMONS IN A CIVIL ACTION

CV 08 3384

CASE NUMBER:

JCS

TO: (Name and address of Defendant)

M.M. Smith, Trustee of the United Association Local 38 Convalescent
Trust Fund
8727 SODA BAY RD, KELSEYVILLE, CA 95451
1625 MARKET ST, SAN FRANCISCO, CA 94103

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Mark D. Potter/Russell C. Handy
The Center for Disability Access, LLP
100 E. San Marcos Blvd., Suite 400
San Marcos, CA 92069
(760) 780-4162     Fax: (760) 480-4170

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

JUL 14 2008

CLERK                                              DATE

(By) DEPUTY CLERK

ANNA SPRINKLES

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____    _____
　　　　　　　　Date　　　　　　　　　　　　　Signature of Server

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Address of Server

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.