1  CENTER FOR DISABILITY ACCESS, LLP
   MARK D. POTTER, ESQ., SBN 166317
2  RUSSELL C. HANDY, ESQ., SBN 195058
   100 East San Marcos Blvd., Suite 400
3  San Marcos, CA 92069-2988
   (760) 480-4162
4  Fax (760) 480-4170

5  Attorney for Plaintiff, MICHAEL ROBERT GRIFFITHS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL ROBERT GRIFFITHS, | ) Case No.: CV08-3384-JCS |
|---|---|
| Plaintiff, | ) **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** AMERICAN'S WITH DISABILITIES ACT; UNRUH CIVIL RIGHTS ACT; CALIFORNIA DISABLED PERSONS ACT; NEGLIGENCE |
| v. | |
| RICHARD M. MILSNER, INDEPENDENT TRUSTEE, U.A.P. LOCAL 38 CONVALESCENT TRUST FUND, and DOES 1 through 100, inclusive | |
| | ) **DEMAND FOR JURY** |
| Defendants. | ) |

Plaintiff MICHAEL ROBERT GRIFFITHS complains of Defendants RICHARD M. MILSNER, INDEPENDENT TRUSTEE, U.A.P. LOCAL 38 CONVALESCENT TRUST FUND, and DOES 1 through 100, inclusive, (hereinafter referred to as "Defendants") and alleges as follows:

**INTRODUCTION:**

**1.** This is a Civil Rights action for discrimination against persons with physical disabilities, of which Plaintiff is a member of said class, for violation of the Americans with Disabilities Act and related state laws addressing the defendants' failure to provide wheelchair accessible transportation. Plaintiff seeks injunctive relief and damages for

-1-

violations of civil rights and for damages flowing from such violations.

**JURISDICTION AND VENUE:**

2. **Jurisdiction:** This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

3. **Venue:** Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the improved real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

**PARTIES:**

4. Plaintiff is a California resident with physical disabilities. He is a quadriplegic who requires a wheelchair for mobility and a personal attendant.

5. Defendants are or were at the time of the incident the owners and operators and/or lessors and lessees of the Konocti Harbor Resort & Spa, hereinafter referred to as "Resort", located at 8727 Soda Bay Road, Kelseyville, California.

6. Plaintiffs do not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiffs are informed and believe that each of the Defendants herein, including DOES 1 through 100, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiffs will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and DOES 1 through 100, inclusive, are ascertained

**FACTUAL ALLEGATIONS:**

7. The Resort is a facility open to the public, a place of public accommodation, and a business establishment.

8. The Plaintiff went to the Resort to attend a Kid Rock concert on August 18, 2006.

9. During his visit, the Plaintiff encountered various violations of the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms.

10. Naturally, Plaintiff GRIFFITHS was frustrated, angry and/or vexed as a result of encountering these conditions, these violations of his civil rights, and the lack of safe, convenient and accessible facilities. Although these injuries are modest in scope and did not result in any loss of wages or economic damage or medical care or attention, the continued violation of the Plaintiff's civil rights by these defendants and the highly unpleasant emotional distress caused by such unlawful treatment is attributable to the actions or inactions of the defendants and plaintiff seeks redress from these defendants for such injury.

11. Plaintiff would like to return and patronize the Defendants' Resort; however, the Plaintiff is unable to use the Resort on a "full and equal" basis until the Resort is brought into compliance with the provisions of the Americans with Disabilities Act Accessibility Guidelines and state accessibility law as pled herein. Plaintiff has been and currently is being deterred from returning and patronizing the Defendants' Resort on a full and equal basis.

**I.   FIRST CAUSE OF ACTION:** VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of Plaintiff and Against All Defendants) (42 U.S.C. section 12101, et seq )

12. The Defendants are persons who either own, operate, lease or lease to a place of public accommodation. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of

-3-

the California Code of Regulations (aka "California Building Code"); and/or (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**II.    SECOND CAUSE OF ACTION:** VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 51-53)

**13.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or business establishment. As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable." The Defendants have failed to meet these obligations. The Defendants intended the physical and architectural condition of their property. The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**14.** The acts alleged above, which form the basis of the Plaintiff's discrimination

claim, are intentional acts.

**III.   THIRD CAUSE OF ACTION:** VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT (On behalf of Plaintiff and Against All Defendants) (Cal Civ § 54-54.8)

**15.** The Defendants are persons who either own, operate, lease or lease to a place of public accommodation or a facility open to the public.  As such, the Defendants are required to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines ("ADAAG") and Title 24 of the California Code of Regulations (aka "California Building Code"); and (2) remove all existing barriers where such removal is "readily achievable."  The Defendants have failed to meet these obligations.  The existence of readily achievably removed barriers and barriers in violation of the ADAAG and/or California Building Code, including, but not limited to, there was a lack of properly configured accessible parking, there was a policy of allowing patrons without disabilities to park in designated accessible parking places, there were inaccessible paths of travel, and, upon information and belief, there were no accessible rooms, is unlawful and has resulted in the defendants' failure to provide full and equal accommodations, advantages, facilities, privileges and/or services to the Plaintiff.

**IV.   FOURTH CAUSE OF ACTION:** NEGLIGENCE (On behalf of Plaintiff and Against All Defendants)

**16.** The Defendants had a general duty and a duty arising under the Americans with Disabilities Act and the Unruh Civil Rights Act and California Disabled Persons Act to provide safe, convenient, and accessible facilities to the Plaintiff in the running of their Resort.  Their breach of this duty, as alleged in the preceding paragraphs, has caused injury and damage as alleged above.

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

**1.** For injunctive relief, compelling Defendants to comply with the Americans

with Disabilities Act and the Unruh Civil Rights Act. **Note**: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under that section.

    **2.** Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act. **Note:** A Defendant cannot be held liable for damages under both the Unruh Civil Rights Act and the California Disabled Persons Act and the Plaintiff will make an election at trial depending upon the evidence amassed.

    **3.** Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3 and Cal. Civ. Proc. § 1021.5.

Dated: August 14, 2008        CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: August 14, 2008        CENTER FOR DISABILITY ACCESS, LLP

By: _____
MARK D. POTTER
Attorneys for Plaintiff